**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**BRUNSWICK DIVISION**

| | | |
|---|---|---|
| **JOHN POWELL and BRIAN SCOTT,** | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| | * | |
| **v.** | * | **Civil Action No.:** |
| | * | **2:26-cv-00058** |
| | * | |
| **EMMETT NEAL JUMP; JACQUELYN LEE** | * | |
| **JOHNSON; JAMES C. PROCTOR;** | * | |
| **STEPHEN D. JESSUP; JORDAN** | * | |
| **DANIEL LOWE, JR.; MICHAEL W.** | * | |
| **LAWSON; WILLIAM V. DARAS;** | * | |
| **LIBERTY A. STEWART a/k/a** | * | |
| **LIBERTY A. GENDRON; JOHN** | * | |
| **DUSTIN SIMPSON; ELZAVER DUSTIN** | * | |
| **DAVIS; JOSEPH MULHOLLAND;** | * | |
| **BANKS THOMAS SMITH; and MARK** | * | |
| **RANDALL,** | * | |
| | * | |
| **Defendants.** | * | |

**DEFENDANT BANKS SMITH'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

COMES NOW, Banks Smith, Defendant in the above-styled action, files this Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), hereby moves this Court to grant his Motion to Dismiss as to each and every claim filed by Plaintiffs against him.

**STATEMENT OF FACTS**

On February 28, 2020, Plaintiffs Powell and Scott were indicted for alleged "oath of office" violations, as well as charges related to influencing a witness and attempt to commit a felony. Compl. ¶ 384. The District Attorney, co-defendant

Jacquelyn Johnson, recused herself and her DA's office from the charges brought against Plaintiffs on May 21, 2020. Compl ¶ 392. Thereafter, on June 15, 2020, the Georgia Attorney General appointed a special prosecutor, co-defendant Joseph Mulholland, to the case. Compl. ¶ 393.

In August of 2021, Plaintiffs were reindicted and a Glynn County grand jury returned indictments against Powell (Counts 1 through 4) and Scott (Count 1) for alleged violations of their oaths of office. Compl ¶¶ 426-427.

On April 30, 2024, the Georgia Supreme Court held that the indictments were legally baseless, factually insufficient, and demonstrated Plaintiff's innocence. Compl. ¶ 437. On June 25, 2024, the Brunswick Judicial Circuit Superior Court Judge Anthony Harrison granted special prosecutor and co-defendant Mulholland's Motion to Nolle Prosequi the remaining two counts against Plaintiffs. Compl. ¶ 441.

On June 22, 2026, Plaintiffs filed this action against the Defendant, Banks Smith, and other defendants for malicious prosecution and conspiracy. See Plaintiffs' Compl.

Plaintiffs allege their claims arise from a series of baseless indictments brought against them generated by prosecutors suffering from conflicts of interest and violations of "oath of office" for failure to conduct investigations of other police offers. Compl. ¶ 2.

Plaintiffs allege that at all relevant times Defendant Smith was an Assistant District Attorney acting within the scope of his employment and was acting under the color of state law. Compl. ¶ 21.

With regard to Defendant Smith's involvement, Plaintiffs allege that during a cross examination of Plaintiff Powell, co-defendant Joseph Mulholland asked Powell if he knew an attorney named Banks Smith, and before Powell could respond, Mulholland told Powell that Smith now works for him. Compl. ¶ 465-466. Mulholland then asked Powell whether he had ever reassigned any employees who have had disagreements with him. Compl. ¶ 468. Furthermore, co-defendant Mulholland's alleged grand jury statements indicated Defendant Smith had some kind of personal grudge against Powell from Powell's time in 2005-2009 as a police chief in Dothan, Alabama. Compl ¶ 470. During that time Defendant Smith, a former Dothan defense attorney, and co-defendant Mark Randall, all worked in Dothan, Alabama. Compl. ¶ 474-475. In that same time period, Defendant Smith represented a Dothan Police lieutenant, who the Plaintiffs' believe co-defendant Mulholland was "likely" referring to regarding a reassigned employee. Compl. ¶¶ 475-477. Defendant Smith represented the Dothan Police lieutenant in appealing his reassignment. Compl. ¶ 478-480. At or about that same time a

news reporter, co-defendant Randall, wrote an article in support of Smith and the lieutenant. Compl. ¶ 481.

Based on this, Plaintiffs assert that Defendant Smith acted in concert with other co-defendants in an attempt to have Powell fired from his new employment position in Flowery Branch. Compl. ¶ 484.

**ARGUMENT AND CITATION OF AUTHORITY**

FED. R. CIV. P. 12(b)(6) provides that a defendant may move to dismiss a complaint filed against him if the complaint fails to state a claim against the defendant upon which relief can be granted. The Court should grant a defendant's motion to dismiss for failure to state a claim if the claim does not contain sufficient alleged facts to "state a claim to relief that is plausible on its face." Bell Atlantic v. Twombly, 550 U.S. 544 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Id. (quoting Twombly, 550 U.S. at 557). Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the

line between possibility and plausibility of `entitlement to relief.'" Id.

## I. Plaintiffs Claim Fails Because The Allegations Against Smith Are Conclusory and Lumped Together with Other Defendants, Without Identifying Any Overt Act or Direct Participation by Defendant Smith.

The Eleventh Circuit has repeatedly condemned shotgun complaints where a plaintiff asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendant the claim is brought against. Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1323 (11th Cir. 2015). This type of complaint fails to give defendants adequate notice of the claims against them and the grounds upon which each claim rests. Id. A complaint that provides only labels and conclusions or a formulaic recitation of the elements is insufficient to show grounds for the plaintiff to be entitled to relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 555.

While the Plaintiffs' complaint accuses Defendant Smith of participating in a conspiracy and malicious prosecution, the complaint fails to provide any factual allegations that describe what the Defendant personally did to violate the Plaintiffs' rights or how he participated in the alleged conspiracy. The complaint merely alleges that defendant Mulholland, while cross-

examining Plaintiff Powell, "knew an attorney named Banks Smith" and references that Smith now works for Mulholland. Compl. ¶¶ 465-466, 469. Furthermore, the complaint insinuates Defendant Smith holds some kind of personal grudge against Plaintiff Powell because Smith represented a police lieutenant who seemed to have grudge against Plaintiff Powell Compl. ¶¶ 470; 474-475. The complaint then goes on to conclude that Defendant Smith acted in concert with other co-defendants to have Plaintiff Powell fired from the job he held at Flowery Branch because of a grudge stemming back to Smith's representation of the "reassigned employee" from over 20 years prior. Compl. ¶¶ 481-484. None of these allegations describes anything Defendant Smith said, decided, or did in connection with the Plaintiffs' allegations. The lack of individualized factual allegations does not provide the defendant with fair notice as required in Iqbal because it does not allege any specific conduct by Defendant Smith. Iqbal, 556 U.S. at 678.

Furthermore, the complaint makes conclusory allegations against Defendant Smith by grouping him with other Defendants and contributing broad misconduct to all without providing specific facts about his actions. Nowhere does the complaint detail what Defendant Smith personally did, said, or decided in relation to the alleged wrongful prosecution or conspiracy. Rather, it relies on legal conclusions and group pleadings,

which do not provide fair notice of the specific conduct attributed to Defendant Smith and are insufficient under federal pleading standards.

The complaint alleges that Defendant Smith and the other twelve defendants "caused Plaintiffs to be improperly subjected to judicial proceedings for which there was no probable cause," and that those proceedings "were instituted and continued with malice." Compl ¶ 490. The complaint also alleges "the defendants fabricated evidence, suborned perjury, manipulated witness testimony, and withheld exculpatory evidence." Compl. ¶ 492. These are the "labels and conclusions" and "formulaic recitation of the elements" that Twombly holds insufficient. Twombly, 550 U.S. at 555. None of these allegations tell Defendant Smith what evidence he is alleged to have fabricated, whose testimony he is alleged to have manipulated, or what exculpatory material he is alleged to have withheld. Thus, the complaint deprives Defendant Smith of notice, and the claims against him should be dismissed on that basis alone.

## II. Smith Is Entitled to Prosecutorial Immunity and Qualified Immunity for Actions Taken in His Role as Assistant District Attorney, Including Initiating and Pursuing Criminal Prosecutions.

"Common law grants prosecutors absolute immunity from § 1983 actions that stem from conduct intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman,

424 U.S. 409, 430, 96 S. Ct. 984, 47 L.Ed.2d 128 (1976).

The Court takes a functional approach to evaluate the prosecutor's specific conduct and determine whether it receives absolute or qualified immunity. Hart v. Hodges, 587 F.3d 1288, 1294 (11th Cir. 2009). This approach looks to the nature of the function performed, not to the identity of the person who performed it. Id. at 1294-95. Absolute immunity applies to a prosecutor's actions undertaken as an advocate for the State. Id. at 1295." Moncus v. Lasalle Mgmt. Co., LLC, 423 F. Supp. 3d 1358, 1361-62 (M.D. Ga. 2019) (quotations omitted).

The Supreme Court has repeatedly held that state prosecutors have absolute immunity for the initiation and pursuit of a criminal prosecution. Buckley v. Fitzsimmons, 509 U.S. 259, 269, 113 S. Ct. 2606, 2613, 125 L. Ed. 2d 209 (1993).

"Prosecutors have absolute immunity when 'filing an information without investigation, filing charges without jurisdiction, filing a baseless detainer, offering perjured testimony, suppressing exculpatory evidence, refusing to investigate complaints about the prison system, and threatening further criminal prosecutions.' Hart, 587 F.3d at 1295(quoting Henzel v. Gerstein, 608 F.2d 654, 657 (5th Cir. 1979)); see Imbler, 424 U.S. at 437, 96 S. Ct. 984 ('[A] prosecutor is absolutely immune from suit for malicious prosecution.')." Moncus, 423 F. Supp. 3d at 1362 (M.D. Ga. 2019).

"Qualified immunity shields government officials who perform discretionary governmental functions from civil liability so long as their conduct does not violate any 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1280 (11th Cir. 2002) (citations omitted).

Every allegation directed at Defendant Smith, to the extent it concerns him at all, describes advocacy at its core. The complaint asserts that Defendant Smith and twelve other defendants "caused plaintiffs to be improperly subjected to judicial proceedings for which there was no probable cause," and that those proceedings "were instituted and continued with malice." Compl. ¶ 490. Deciding whether to institute a proceeding and whether to continue it is the prosecutorial function itself. Imbler, 424 U.S. at 431. The complaint further alleges that "the Defendants fabricated evidence, suborned perjury, manipulated witness testimony, and withheld exculpatory evidence." Compl. ¶ 492. Presenting evidence and witnesses at trial and making disclosure decisions during the judicial phase are likewise protected, however improper the plaintiffs allege them to have been. Rivera v. Leal, 359 F.3d 1350, 1353-55 (11th Cir. 2004). The complaint pleads nothing that would take Defendant Smith's alleged conduct outside the protected

function. It does not allege that Defendant Smith performed any investigative act before probable cause, that he gave legal advice to police, that he swore out an affidavit as a complaining witness, or that he made any statement to the press about prosecution. It does not, in fact, allege that Defendant Smith did anything at all in the criminal case. Because the acts attributed to him are pleaded only as prosecutorial acts, absolute immunity bars the claims on the face of the complaint.

Moreover, an element of the Plaintiffs' claim is that prosecution was instituted by Defendants. However, a grand jury returned these indictments. Plaintiff has failed to allege Smith presented any information to the grand jury, signed the indictment, or appeared as a witness. The judgement of the grand jury should be considered an intervening act and the complaint pleads no facts showing Smith supplied it with anything, especially anything false. Alternatively, to the extent Smith's alleged conduct falls outside of his role as an advocate for the state, if any, he is entitled to qualified immunity.

## III. **Labeling the Conduct Conspiracy Does Not Defeat Absolute Immunity.**

"A prosecutor cannot be liable for 'conspiracy' to violate a defendant's constitutional rights by prosecuting him if the prosecutor also is immune from liability for actually prosecuting the defendant." Rowe v. City of Fort Lauderdale, 279

F.3d 1271, 1282 (11th Cir. 2002).

The conspiracy allegations fail on their own terms. "To state a claim for conspiracy under § 1983, a plaintiff must allege that (1) the defendants reached an understanding or agreement that they would deny the plaintiff one of his constitutional rights; and (2) the conspiracy resulted in an actual denial of one of his constitutional rights." Drummond v. Proctor, 669 F. Supp. 3d 1320, 1338 (S.D. Ga. 2023). The complaint alleges that "all of the Defendants reached an understanding amongst themselves to frame the Plaintiffs for crimes they did not commit," in furtherance of an agreement to eliminate the Glynn County Police Department and transfer narcotics enforcement to the Sherrif's Office. Compl. ¶ 496. It does not allege when Defendant Smith joined that agreement, with whom he communicated, what he agreed to do, or what act he took to advance it. The nearest thing to a factual assertion is that Smith once represented a lieutenant who was reassigned by Powell and, that Smith later came to work for Mulholland. Compl. ¶¶ 465-472. Prior representation of an adverse party and subsequent employment by Muholland are merely facts consistent with the Plaintiffs' theory, which Iqbal holds insufficient. Iqbal, 556 U.S. at 678.

## IV. **Plaintiffs' Official Capacity Claim is Barred by the Eleventh Amendment.**

"Generally speaking, the Eleventh Amendment bars civil actions against state officials in their official capacity when the state is the real, substantial party in interest." Lane v. Cent. Alabama Cmty. Coll., 772 F.3d 1349, 1351 (11th Cir. 2014)

Because the Plaintiffs have sued Defendant Smith in his official capacity, the claim fails because the Eleventh Amendment bars civil actions against state officials in their official capacity, which extends to a Georgia district attorney and his assistants acting as state officials when performing prosecutorial functions. Owens v. Fulton Cnty., 877 F.2d 947, 951 (11th Cir. 1989). Here, Plaintiffs' allegations pertaining to Smith allege that at all relevant times Defendant Smith was an Assistant District Attorney acting within the scope of his employment and was acting under the color of state law. Compl. ¶ 21. Thus, each and every allegation pertains to Smith while acting in his official capacity for the state.

There is an exception, known as the Ex Parte Young Exception, which allows a suit against a state official in his official capacity for prospective injunctive relief to end a continuing violation of federal law. McClendon v. May, 37 F. Supp. 2d 1371, 1375 (S.D. Ga. 1999), aff'd, 212 F.3d 599 (11th Cir. 2000). However, Plaintiffs do not seek such relief and this action is not within the Ex Parte Young Exception.

In conclusion, the Plaintiffs' claims should be dismissed with prejudice because as stated by Plaintiff, at all relevant times Smith was acting under the color of state law. Thus, he was acting in his official capacity which is protected by the eleventh amendment which deprives a federal court of subject matter jurisdiction against the state actor, Smith.

## CONCLUSION

In conclusion, the complaint tells Defendant Smith that he knows Mulholland, he represented a lieutenant who disliked Plaintiff Powell, and he allegedly spoke to a reporter. Everything else is a legal conclusion he shares with twelve co-defendants, and every such conclusion describes conduct for which he is immune. For the foregoing reasons, Defendant Smith respectfully requests that the Court dismiss all claims against him with prejudice.

Respectfully submitted, this 17th day of September, 2026.

**YOUNG, THAGARD, HOFFMAN, LLP**

By: /s/ Matthew R. Lawrence
Matthew R. Lawrence
State Bar No.: 439870
Attorney for Defendant
Banks Smith

Address of Counsel:

P.O. Box 3007
Valdosta, GA 31604
229-242-2520
229-242-5040 fax
mattlawrence@youngthagard.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the forgoing, **DEFENDANT BANKS SMITH'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT** upon the following using the CM/ECF system which will send notification of such filing to the following:

Joseph J. Steffen, Jr.
Anthony L. Jaime
Law Office of Joseph J. Steffen, Jr.
223 W. York Street
Savannah, GA 31401
joe@joesteffen.com
anthony@joesteffen.com
*Attorneys for Plaintiffs*

Steven W. Becker
Law Office of Steven W. Becker, LLC
205 N Michigan Ave., Suite 810
Chicago, IL 60601
swbeckerlaw@gmail.com
*Attorney for Plaintiffs*

Richard K. Strickland
Emily Rose Hancock
Brown, Readdick, Bumgartner, Carter, Strickland, & Watkins, LLP
5 Glynn Avenue
Brunswick, GA 31521
rstrickland@brbcsw.com
ehancock@brbcsw.com
*Attorneys for Emmett Neal Jump Stephen D. Jessup, Jordan Daniel Lowe, Jr., Michael W. Lawson*

Christina J. Steinmetz
Gannam, Gnann, & Steinmetz, LLC
P.O. Box 10085
Savannah, GA 31412
cjs@ggsattorneys.com
*Attorney for Jacquelyn Lee Johnson and Liberty A. Stewart a/k/a Liberty A. Gendron*

Jason Waymire
Williams & Waymire, LLC
4330 South Lee Street, 400-A
Buford, GA 30518
jason@wmwlaw.com
*Attorney for John Dustin Simpson and Elzaver Dustin Davis*

Noah Green
Henefeld & Green, P.C.
3017 Bolling Way NE
Suite 129
Atlanta, GA 30305
ngreen@henefeldgreen.com
*Attorney for Joseph Mulholland*

James C. Proctor
100 Camden Avenue
Woodbine, GA 31569

William V. Daras
1042 Baywood Avenue SE
Darien, GA 31305

Mark Randall
2342 HWY 51 N
Nesbit, MS 38651

This 17th day of September, 2026.

**YOUNG, THAGARD, HOFFMAN, LLP**

By: /s/ Matthew R. Lawrence
Matthew R. Lawrence
State Bar No.: 439870
Attorney for Defendant
Banks Smith

Address of Counsel:

P.O. Box 3007
Valdosta, GA 31604
229-242-2520
229-242-5040 fax
mattlawrence@youngthagard.com